IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANA WHITE,                                      Civil No. 06-1747-AA
                                                  OPINION AND ORDER
         Plaintiff,

    vs.

TA OPERATING CORPORATION dba
TRAVEL CENTERS OF AMERICA,

         Defendant.
_____

Benjamin Rosenthal
Attorney At Law
1023 SW Yamhill St, Suite 200
Portland, Oregon 97205
     Attorney for plaintiff

Glen McClendon
Edward Tylicki
Lindsay, Hart, Neil & Weigler, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
     Attorneys for defendant

AIKEN, Judge:

    Defendant filed a motion for summary judgment asserting that

Page 1 - OPINION AND ORDER

it is entitled to judgment as a matter of law on plaintiff's claims of retaliation.  The court heard telephone oral argument on June 17, 2008.  Defendant's motion is granted.

## BACKGROUND

Defendant TravelCenters of America ("TravelCenters") is a nationwide chain of travel centers that serves professional drivers and motorists.  It operates full-service restaurants, lodging facilities, fast food restaurants (including Popeye's and Subway) and provides vehicle maintenance and fuel service.  Plaintiff was hired in March 2005 to work at the Popeye's restaurant at the Troutdale, Oregon TravelCenters location.  Plaintiff worked selling food and operating the cash register at this location.  In August 2005, plaintiff was promoted to shift lead and supervisor of seven or eight employees on the evening shift.

Plaintiff had generally positive job reviews when she worked as a crew member for Popeye's, but her job performance suffered after she was promoted to shift lead.  In September, November and December 2005, plaintiff was reprimanded by Patricia Covey, a shift lead and later the assistant manager, for three separate violations of company cash handling rules.  Specifically, plaintiff was reprimanded for "short tills" that occurred during her shift.  Plaintiff was also reprimanded for giving away food to the gas station attendants in exchange for their agreement to

take out Popeye's garbage.  Each time plaintiff received a written reprimand, she was informed that the next violation could result in termination.  See Def's Exs. 2-4.  The "final straw" according to defendant came when plaintiff could not be located during her shift the evening of January 2, 2006.  That night, Candie Masser, Popeye's manager and plaintiff's direct supervisor, called the restaurant and asked to speak to plaintiff.  Masser spoke to several employees who indicated that they could not find plaintiff.  Masser was told by one employee that plaintiff was sleeping in her car because she did not feel well from drinking the night before.  Plaintiff's co-worker reported that plaintiff closed the store early, sat in the lobby and then clocked out at her usual time.  Frasco Dep., p. 40.

   Masser investigated the incidents occurring January 2, 2006, and decided to terminate plaintiff January 4, 2006.  The written "personnel action form" indicated that plaintiff was terminated for "violation of company rules; closing store down early; not controlling shift, [and] giving food out to crew members.  Def's Ex. 1.

   After her termination, plaintiff filed a claim with the Bureau of Labor and Industries (BOLI) alleging that she was sexually harassed for months by a co-worker, Ignacio Macedo (who plaintiff referred to as "Nacho").  Mr. Macedo is a cook employed by Popeye's who typically worked a different shift from

Page 3 - OPINION AND ORDER

plaintiff. Plaintiff alleges that while on a "smoke break" with Masser, she reported to Masser that "Nacho" was being "inappropriate at work." Plaintiff alleges that this conversation occurred sometime between December 20th and December 30 or 31, 2005. Also during that same "smoke break," plaintiff alleges she told Masser that she "caught another employee stealing money." Pl's Dep., p. 98.

Plaintiff brought this employment action alleging five claims for relief. Claim 1 alleges gender discrimination pursuant to 42 U.S.C. § 2000e-2(a). This claim is not subject to defendant's motion. Plaintiff's second and third claims for relief allege retaliation under federal and state law. 42 U.S.C. § 2000e-3(a) and Or. Rev. Stat. 659A.030(1)(a),(b),(f) and (g). Plaintiff's fourth claim for relief alleges another state claim for retaliation for reporting thefts at work. Or. Rev. Stat. 659A.230  Finally, plaintiff's fifth claim for relief alleges wrongful discharge due to retaliation.

Defendant moves for summary judgment on plaintiff's federal and state retaliation claims 2-5.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

Page 4 - OPINION AND ORDER

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

### 1. Plaintiff's Claims Two and Three

Pursuant to plaintiff's claims 2 and 3, plaintiff alleges she was terminated in retaliation for reporting sexual

Page 5 - OPINION AND ORDER

harassment. See 42 U.S.C. § 2000e, Or. Rev. Stat. 659A.030. The burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) requires that plaintiff first establish a prima facie case of unlawful discrimination.[1] Defendant must then articulate a legitimate, nondiscriminatory reason for its action. McGinest v. GTE Service Corp., 360 F.3d 1103, 1122 n.16 (9th Cir. 2004). If the defendant succeeds, plaintiff must then show with direct or circumstantial evidence that defendant's articulated reason is but a pretext for discrimination.

    A.   Prima Facie Case

To establish a prima facie case of retaliation under federal and Oregon law, plaintiff must show that: (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. Hernandez v. Spacelabs Med., Inc., 343 F.3d 1107, 1113 (9th Cir. 2003). Defendant concedes prongs one and two, agreeing that plaintiff was engaged in a protected activity and that she was subjected to an adverse employment action. Defendant argues, however, that there is no evidence that plaintiff was terminated because she

---

[1] The burden shifting analysis applies to federal discrimination claims brought pursuant to Title VII and to state law discrimination claims. See Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093 (9th Cir.), cert. den., 534 U.S. 888 (2001).

reported sexual harassment. Plaintiff was terminated by her direct supervisor, a female, whom plaintiff regarded as a "friend." Plaintiff's Dep., Ex. 10, p. 5. She was not terminated by her alleged harasser, Mr. Mercado.

The court acknowledges, however, that the degree of proof necessary to establish a prima facie case for a Title VII claim on summary judgment, "is minimal and does not even need to rise to the level of a preponderance of the evidence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994). "The plaintiff need only offer evidence which 'gives rise to an inference of unlawful discrimination.'" Id. (internal citation omitted). Therefore, for purposes of summary judgment, the court will assume that plaintiff has established her prima facie claim of retaliation.

B. Legitimate, Non-Discriminatory Reason

Even assuming plaintiff can establish a prima facie case of discrimination, the court finds that defendant had numerous, legitimate non-discriminatory reasons for terminating her. Significantly, plaintiff was written up three separate times for violating company rules regarding handling cash. Each write up contained a section clearly titled, "Failure to Improve: State disciplinary action which will be taken if there is no improvement." The first disciplinary report stated that the action taken would be "termination;" the second disciplinary

report stated the action would be "termination if one more shortage happens; and finally, the third disciplinary action stated "suspension or termination."  See Def's Exs. 2-4. Defendant also relied on the following company rule violations: giving away food to gas attendant employees in exchange for their agreement to take out the garbage for plaintiff (which plaintiff admits); talked on her cell phone at work (plaintiff admits); closed the store early; failed to adequately supervise her subordinates; and finally, left her position and was believed to be sleeping in her car.  These allegations are fully supported by detailed written statements of at least five of plaintiff's co-workers including plaintiff's direct supervisor, and friend, Masser.  Def's Exs. 5-9.  Therefore, the court finds defendant succeeds in articulating legitimate, non-discriminatory reasons for terminating plaintiff.

   C. Pretext

   It is now plaintiff's burden to show with direct or circumstantial evidence that defendant's articulated reason is a pretext for discrimination.  Pretext can be proved: (1) indirectly by showing that defendant's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable; or (2) directly, by showing that unlawful discrimination more likely motivated the defendant. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998).

Page 8 - OPINION AND ORDER

"Indirect" evidence of pretext must be "specific" and "substantial" in order to create a triable issue as to whether the defendant's proffered reasons were not the actual motive because they are inconsistent or unbelievable. Id. at 1222.

I find no direct evidence whatsoever that defendant terminated plaintiff for a discriminatory reason. Plaintiff does not offer any statement made by her supervisor or any other TravelCenters employee suggesting plaintiff was terminated because she reported sexual harassment. Moreover, plaintiff concedes in her deposition that there was no direct evidence that she was terminated because she reported sexual harassment. Def's Ex. 10, (Pl's Dep.) p. 7-9.

Plaintiff's evidence of pretext is indirect. Plaintiff alleges she was terminated in retaliation for reporting sexual harassment because she was "doing a good job" and there was no other reason for terminating her. She further believes she was terminated in retaliation for reporting sexual harassment because her alleged complaint was close in time to her termination. The Ninth Circuit has held that although incidents close in time may be sufficient to establish a prima facie case of discrimination, it is not enough to prove pretext. Hashimoto v. Dalton, 118 F.3d 671, 680 (9th Cir. 1997)("[a]lthough the timing of these events suffices to establish a minimal prima facie case of retaliation, it does nothing to refute [defendant's] proffered legitimate

Page 9 - OPINION AND ORDER

reasons for disciplining [plaintiff]"). Moreover, plaintiff's subjective belief that she was doing a "good job" at work is not sufficient evidence to prove pretext. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1288 (9th Cir. 2000). Further, the objective evidence in the record supports defendant's position that plaintiff's job performance was deficient. I do not find evidence of pretext sufficient to survive defendant's motion for summary judgment. See Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028 (9th Cir. 2001)("plaintiff's belief that a defendant acted from an unlawful motive without evidence supporting that belief, is no more than speculation or unfounded accusation[.]"). Therefore, defendant's motion for summary judgment on plaintiff's state and federal claims of retaliation (second and third claims for relief) is granted and those claims are dismissed.

2. Plaintiff's Claims Four and Five

Plaintiff's fourth claim for relief is a retaliation claim for violating the Oregon "whistle blower" statute for reporting theft by a co-worker. Or. Rev. Stat. 659A.230. Plaintiff further alleges in her fifth claim for relief that she was "wrongfully terminated" for reporting this theft and for reporting the alleged sexual harassment by Mr. Mercado. Complaint, ¶¶ 20-32.

The same McDonnell-Douglas burden-shifting analysis applies

Page 10 - OPINION AND ORDER

to plaintiff's claim for wrongful termination and violation of the "whistle-blower" statute. Although plaintiff alleges she was terminated because she reported sexual harassment and theft by a co-worker, I find no evidence rebutting defendant's showing that plaintiff was terminated for legitimate, non-discriminatory reasons as outlined above. Therefore, the court similarly grants defendant's motion for summary judgment dismissing plaintiff's fourth claim for relief (retaliation for "whistle-blowing").

Finally, regarding plaintiff's claim for wrongful discharge, "[t]he elements of a wrongful discharge claim are simple: there must be a discharge and that discharge must be 'wrongful.'" Moustachetti v. State of Oregon, 319 Or. 319, 325, 877 P.2d 66 (1994). Further, absent a contractual, statutory or constitutional requirement, the general rule is that an employer may terminate an employee at any time and for any reason. Babick v. Oregon Arena Corp., 333 Or. 401, 407 n.2, 40 P.3d 1059 (2002). A termination is wrongful when an employee is terminated for: (1) fulfilling an important public duty; or (2) exercising a job-related right that reflects on important public policy. Determining whether a public duty exists is a question of law. Id. at 144. Reporting co-worker misconduct, including theft, to an employer is not an "important public duty" that gives rise to a claim for wrongful termination. See Sieverson v. Allied Stores Corp., 97 Or. App. 315, 319, 776 P.2d 38, rev. denied, 308

Or. 382, 780 P.2d 735 (1989)(a "report of suspected wrongdoing within a private corporation . . . does not involve interests of public importance equal or analogous to those that have been recognized as constituting the tort."); see also, Ryan v. Patterson Dental Supply, Inc., 2000 WL 640859 (D. Or. 2000)(plaintiff complained that co-worker was misreporting company inventory, court held reporting co-worker misconduct that harms only the employer or owners cannot support a claim for wrongful termination). That is exactly the situation at bar. Plaintiff alleges she was terminated for reporting theft by a co-worker. I find no implication for public heath, safety, or issue relating to important societal obligations. Therefore, as a matter of law, plaintiff's allegation cannot support a claim of wrongful discharge.

    Defendant's motion for summary judgment as to plaintiff's claims four and five is granted. Those claims are dismissed.

///
///
///
///
///
///
///
///

Page 12 - OPINION AND ORDER

CONCLUSION

Defendant's motion for summary judgment (doc. 32) is granted. Plaintiff's claims for retaliation and wrongful discharge (claims 2, 3, 4 and 5) are dismissed from this lawsuit. IT IS SO ORDERED.

Dated this  19  day of June 2008.


                              /s/ Ann Aiken
                              Ann Aiken
                              United States District Judge